## DAVISON *vs.* PERRINE.

When a party, under a contract for the conveyance of lands to which the grantor has not the whole title, with a knowledge of this fact, agrees to go into possession until the title can be procured to the whole; and the grantor, being unable to procure the whole title, offers to convey all that he has been able to obtain, and such party refuses to accept the conveyance, and retains possession of the property; upon bill filed by such grantor, to compel the purchase and payment for the lands agreed for, demurrer will not lie to the whole bill. It will be retained for the purpose of putting the defendant to his election, either to accept the title, or to abandon the contract and restore the possession.

The argument in this case was upon general demurrer to the bill.

*Mr. Ludlow,* in support of the demurrer.

*Mr. A. V. Schenck,* contra.

THE CHANCELLOR.

The complainant seeks to compel the defendant, specifically to perform the agreement set out in the bill to purchase and pay for the lands agreed for, or to give up possession of the property and account for the proceeds of timber cut and sold by him.

The agreement made in October, 1869, was to give good title to the lands by the 1st of April, 1870. At that time the complainant, who, at the sale, supposed that he had good title to the whole, found that he owned only one undivided sixth. The defendant, with knowledge of this, agreed to go into possession until the complainant could procure title to the whole. The complainant, by the 22d of April, had procured title to three other undivided sixths, and on that day offered to convey these four sixths to the defendant being all the title he could convey. The defendant refused to accept that conveyance, and retains possession of the

property, and has cut down and sold·large quantities of wood and timber growing on the premises. These are the facts, as set forth in the bill, and on demurrer must be taken as true.

The defendant may not be bound to perform this agreement on his part, by accepting this imperfect title. He may be entitled, if he elects to accept this, to compel the complainant to convey it with compensation, and for that purpose to retain possession. But the complainant is not bound to remain quiet until the defendant determines which course he will pursue. He may exhibit his bill in this court for the purpose of putting the defendant to his election, and if he shall refuse to accept the title, to compel him to abandon the contract, and restore the possession. For that purpose, at least, this bill must be retained. And as the demurrer is to the whole bill, it must be overruled.